# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

PEDRO A. OCASIO-HERNANDEZ,

Defendant.

CRIMINAL Nos.  22-213-10 (ADC) &
24-176-01 (ADC)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(C) GUILTY PLEA HEARING

**I.    Procedural Background:**

On May 17, 2022, defendant Pedro Alejandro Ocasio-Hernandez was charged in a multi-count, multi-defendant indictment. (See Criminal No. 22-213 (ADC), Docket No. 3). He agreed to plead guilty to Count One of said Indictment pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). He also agreed to waive prosecution by indictment[1] and plead guilty to Count One of the Information filed in Criminal No. 24-176 (ADC).

---

[1] I explained to the defendant his right to prosecution by grand jury indictment. After examining him regarding his knowledge of the consequences of waiving indictment, I accepted the waiver and determined it to be knowing and voluntary.

Count One of the Indictment in Criminal No. 22-213 (ADC) charges that from in or about the year 2016, and continuing up to and until the return of the indictment, in the Municipality of San Juan, in the District of Puerto Rico, and within the jurisdiction of this Court, Mr. Ocasio and others members of the drug trafficking organization, did knowingly and intentional combine, conspire, and agree with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: to possess with intent to distribute one (1) kilogram or more of a mixture or substance containing a detectable amount of heroine, a Schedule I controlled substance; two hundred and eighty (280) grams or more of a mixture or substance containing detectable amount of cocaine base (crack), a Schedule II controlled substance; a mixture or substance containing a detectable amounts of marijuana, a Schedule II controlled substance; a detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV controlled substance; detectable amounts of Buprenorphine (commonly known as Suboxone) , a Schedule III controlled substance; and a detectable amounts of Tramadol, a Schedule IV controlled substance, all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is Vista Hermosa Public Housing Project, Luis Llorens Torres Public Housing Project, and other areas nearby. All in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860.

Count One of the Information in Criminal No. 24-176 (ADC) charges that from in or about the year 2016, and continuing up to in or around May 17, 2022, in the district of Puerto Rico, and within the jurisdiction of the Court, Mr. Ocasio, and other members of the drug trafficking organization, did knowingly and intentionally combine, conspire, confederate and agree with others, known and unknowns to possess firearms of known

and unknown make and caliber, in furtherance of a drug trafficking crime for which they may be prosecuted, that is: possession with intent to distribute controlled substances, as charged in Counts One through Five of the indictment in criminal case 22-213 (ADC). All in violation of 18 U.S.C. § 924(o).

Defendant appeared before me, assisted by the court interpreter, on May 13, 2024, after the Rule 11 hearing was referred to me by the Presiding District Judge. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he subject himself to possible charges of perjury or making a false statement.

**II.     Consent to Proceed Before a Magistrate Judge:**

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[2]  He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elected to proceed before me, a magistrate judge, that I would conduct the hearing and prepare a report and recommendation, subject to review and approval of the District Judge. The defendant then voluntarily consented to proceed before me.

---

[2] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Fed. R. Crim. P. 11) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

**III.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure:**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (*quoting McCarthy v. United States*, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. *Cotal-Crespo*, 47 F.3d at 4 (*citing United States v. Allard*, 926 F2d 1237, 1244 (1st Cir. 1991)).

**A.     Competence to Enter a Guilty Plea**

I questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. I confirmed that the defendant received the indictment and fully discussed the charges with his attorney and was satisfied with the advice and representation he received. In addition, I further inquired whether defendant's counsel or counsel for the government had any doubt as to his competency to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor,

a finding was made that Mr. Ocasio was competent to plead and fully aware of the purpose of the hearing.

### B.     Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum and minimum penalties prescribed by statute for the offense to which he was pleading guilty in Count One of the Indictment in Criminal No. 22-213 (ADC), namely: a term of imprisonment which shall not be less than ten (10) years, and up to two (2) terms of life prison, a fine of not more than twenty million dollars ($20,000,000), and a supervised release term of at not less than ten (10) years in addition to any term of incarceration.

As to Criminal No. 24-176 (ADC), Mr. Ocasio expressed understanding that he was exposed to a term of imprisonment of not more than twenty (20) years, a fine of not more than two hundred and fifty thousand dollars ($250,000), and a supervised release term of three (3) years in addition to any term of incarceration. The defendant also understood that a Special Monetary Assessment of $100.00 would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties for Count One of both cases and the potential consequences of the guilty plea.

### C.     Plea Agreement

Mr. Ocasio was shown his plea agreement, and the plea agreement supplement, which are part of the record, and identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the plea agreement with his attorney before he signed it, that it represented the entirety of his understanding with the government,

that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(C), and expressed his understanding that the terms of the plea agreement are merely recommendations to the court, and that if the district judge who will preside over the sentencing hearing in this case chooses not to follow the recommended sentence, the Judge will give him the opportunity to withdraw his plea of guilty and exercise his right to go to trial. However, if he chooses not to withdraw his guilty plea, the District Judge may impose a more severe sentence without being bound by the plea agreement. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes, but that pursuant to the plea agreement the defendant will waive his right to appeal both his sentence and his conviction if the court adopts the plea agreement and sentences him according to its terms and conditions.

### D. Waiver of Constitutional Rights

Mr. Ocasio was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or trial before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel

for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify. He was further informed that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty or not guilty.

The defendant specifically acknowledged understanding these rights and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights I explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served, and that his guilty plea may result in loss of important civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that he understood these consequences of the guilty plea.

### E.   Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the Indictment and Count One of the Information and provided an explanation of the elements of the offense. The meaning of terms used in the indictment and information were explained.

Upon questioning, the defendant admitted to facts constituting all the essential elements of the offenses charged in Count One of the Indictment and Count One of the

Information as well as the evidence the government had available to establish, in the event defendant elected to go to trial, his guilt beyond a reasonable doubt.

### F.     Voluntariness

The defendant indicated that he was not being forced to plead guilty but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Throughout the hearing the defendant was able to consult with his attorney.

### IV.    Conclusion:

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to count one of the indictments of both cases.  After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Pedro Alejandro Ocasio-Hernandez is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that they carry, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the Indictment in Criminal No. 22-213 (ADC) and Count One of the Information in Criminal No. 24-176 (ADC).

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico this 13th day of May, 2024.

S/Héctor L. Ramos-Vega  
HÉCTOR L. RAMOS-VEGA  
UNITED STATES MAGISTRATE JUDGE